THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BRYCE JOHNSON,<br><br>                Plaintiff,<br><br>v.<br><br>SIM GILL et al.,<br><br>                Defendants. | **MEMORANDUM DECISION &<br>ORDER TO SHOW CAUSE**<br><br>Case No. 2:21-CV-112-RJS<br><br>Chief District Judge Robert J. Shelby |

      Having screened Plaintiff's *pro se* prisoner civil-rights Complaint,[1] under its statutory review function,[2] the Court proposes to dismiss this action because Plaintiff has failed to state a claim upon which relief may be granted. (ECF No. 4.)

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2022).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2022).

Plaintiff names several state and county defendants: Che **Arguello**, Assistant Utah Attorney General (UAG); Andrew **Conklin**, Utah Department of Corrections investigator; Steve **DeBry**, Unified Police Chief; Sim **Gill**, Salt Lake County District Attorney (SLCDA); Dianne **Orcutt**, deputy SLCDA; Sean **Reyes**, UAG; and Rosie **Rivera**, Salt Lake County Sheriff. (*Id.*) He alleges Defendants violated his federal constitutional rights (regarding due process, equal protection, and cruel-and-unusual punishment) by not conducting a criminal investigation and prosecution of a private individual, whom he asserts illegally took his money and possessions. (*Id.*) Plaintiff seeks declaratory, injunctive, and monetary relief. (*Id.*)

## ANALYSIS

When deciding if a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give

the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

The Court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### 1. Affirmative Link - Respondeat Superior

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each defendant's personal participation is essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x

757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). For instance, Plaintiff may not name an individual as a defendant based solely on supervisory status. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Even so, Plaintiff appears to impermissibly name on the basis of supervisory status alone Defendants DeBry, Gill, Reyes, and Rivera. The Court therefore proposes this as one ground upon which to dismiss these four defendants.

### 2. Prosecutorial Immunity

Further, Plaintiff's allegations invalidly attack matters of prosecutorial discretion. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (same); *Dohaish v. Tooley*, 670 F.2d 934, 937 (10th Cir. 1982) (same). Indeed, prosecutors are owed immunity about their decisions not to prosecute, acts "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see Hammond v. Bales*, 843 F.2d 1320, 1321 (10th Cir. 1988); *Dohaish v. Tooley*, 670 F.2d 934, 938 (10th Cir. 1982).

Under the prosecutorial immunity doctrine, then, the Court proposes to dismiss Defendants Arguello, Gill, Orcutt, and Reyes.

### 3. Criminal Investigation

The Court emphasizes that Plaintiff does not have a federal right to a criminal investigation of a third party. *See Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim . . . for . . . failure to investigate

4

or bring criminal charges against another individual."); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (Quotations omitted.)). The Court thus proposes to dismiss all allegations that Defendants, including Defendant Conklin, did not pursue the criminal investigation of a third party as requested by Plaintiff.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff must within thirty days **SHOW CAUSE** why this Complaint should not be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2022).

DATED this 22nd day of December, 2022.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court