THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BRYCE JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SIM GILL et al.,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:21-CV-112-RJS<br><br>Chief District Judge Robert J. Shelby |

Having screened Plaintiff's *pro se* prisoner civil-rights Complaint, under its statutory review function,[1] on December 22, 2022, the Court issued an Order to Show Cause proposing to dismiss this action because Plaintiff failed to state a claim upon which relief may be granted. (ECF Nos. 4, 39.) Plaintiff has responded to the Order to Show Cause with several unavailing arguments discussed below.

As a refresher, the Complaint named several state and county defendants: Che **Arguello**, Assistant Utah Attorney General (UAG); Andrew **Conklin**, Utah Department of Corrections investigator; Steve **DeBry**, Unified Police Chief; Sim **Gill**, Salt Lake County District Attorney

---

[1] The screening statute reads:
　　(a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
　　(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
　　　　(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
　　　　(2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C.S. § 1915A (2023).

(SLCDA); Dianne **Orcutt**, deputy SLCDA; Sean **Reyes**, UAG; and Rosie **Rivera**, Salt Lake County Sheriff. (*Id.*) Plaintiff alleged Defendants violated Plaintiff's federal constitutional rights (regarding due process, equal protection, and cruel-and-unusual punishment) by not criminally investigating and prosecuting a private individual, whom Plaintiff asserted illegally took Plaintiff's money and possessions. (*Id.*) Plaintiff sought declaratory, injunctive, and monetary relief. (*Id.*)

## ANALYSIS

When deciding if a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

The Court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). If pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### 1. Affirmative Link - Respondeat Superior

The first ground upon which the Court's Order to Show Cause proposed dismissal was lack of affirmative links. Again, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each defendant's personal participation is essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). For instance, Plaintiff may not name an

individual as a defendant based solely on supervisory status. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Even so, Plaintiff impermissibly named on the basis of supervisory status alone Defendants DeBry, Gill, Reyes, and Rivera. The Court therefore concluded this is one ground upon which to dismiss these four defendants.

### 2. Prosecutorial Immunity

The second ground identified in the Order to Show Cause for dismissal was prosecutorial immunity. The Court noted that Plaintiff's allegations invalidly attack matters of prosecutorial discretion. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (same); *Dohaish v. Tooley*, 670 F.2d 934, 937 (10th Cir. 1982) (same). Indeed, prosecutors are owed immunity about their decisions not to prosecute, acts "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see Hammond v. Bales*, 843 F.2d 1320, 1321 (10th Cir. 1988); *Dohaish v. Tooley*, 670 F.2d 934, 938 (10th Cir. 1982). Under the prosecutorial immunity doctrine, then, the Court concluded Defendants Arguello, Gill, Orcutt, and Reyes should be dismissed. This is an alternative basis for the dismissal of Defendants Gill and Reyes.

### 3. Criminal Investigation

The third ground for dismissal identified by the Court was Plaintiff's lack of a federal right to a criminal investigation of a third party. *See Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim . . . for . . . failure to investigate or bring criminal charges against another individual."); *Mitchell v. McNeil*, 487

F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (Quotations omitted.)). The Court thus determined that all allegations that Defendants, including Defendant Conklin, did not pursue the criminal investigation of a third party as requested by Plaintiff should be dismissed.

### 4. Plaintiff's Response

The Court now addresses Plaintiff's primary arguments that the Court's proposed bases for dismissal were wrong.

Plaintiff first appears to argue that Defendants DeBry, Gill, Reyes, and Rivera may be held liable as personal participants regarding his allegations because he notified them by letter of the asserted constitutional violations by their employees. (ECF No. 41, at 2-4.) This is akin to grievance denial, which alone--with no connection to "violation of constitutional rights alleged by plaintiff[--] does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). None of Plaintiff's arguments on the point of *respondeat superior* validly attack the Court's determination that Plaintiff has not adequately affirmatively linked Defendants DeBry, Gill, Reyes, and Rivera, who were in supervisory roles to those individuals taking the relevant actions in Plaintiff's allegations, to a violation of Plaintiff's federal constitutional rights.

Second, Plaintiff contends that the prosecutorial immunity the Court recognized as protecting Defendants Arguello, Gill, Orcutt, and Reyes from suit does not apply to his request for injunctive relief, in which he asks this Court to order that these defendants investigate and

prosecute the private citizen whom he accuses of crimes. (ECF No. 41, at 4-6.) It is true that "an official-capacity claim for prospective injunctive relief may proceed to remedy an alleged ' . . . ongoing violation of federal constitutional law,'" *Jackson v. Wylie*, No. 8:22-CV-139, 2022 U.S. Dist. LEXIS 120417, at *13 (N.D.N.Y. May 26, 2022) (citation omitted). But Plaintiff has not identified an "ongoing violation of federal constitutional law," in which he has a personal stake. He simply has no right to the criminal prosecution of another private individual. As an aside, the law has set up other means to remedy situations in which one private individual illegally takes another's money and possessions--civil suits, which have lower standards of proof possibly more amenable to Plaintiff covering his alleged losses than through criminal prosecution anyway.

Third, Plaintiff attacks the prosecutor-defendants for allegedly not abiding by best practices set forth for prosecutors. (ECF No. 41, at 6.) But ignoring best practices is not--in itself--a federal civil-rights cause of action.

Fourth, Plaintiff suggests prosecutor-defendants' decision not to prosecute is that of an administrative agency, with a need for them to provide to Plaintiff a rationale that is not arbitrary and capricious. But their decision flatly was not an administrative-agency decision with the standards governing administrative-agency decisions. And this suggestion does not involve an argument of the violation of Plaintiff's federal constitutional rights, like it must to proceed in this action. As Plaintiff is not entitled by the Federal Constitution to the prosecution of another private individual, it stands to reason that Plaintiff is also not entitled to a rationale for the nonprosecution of another private individual.

Fifth, Plaintiff argues that the reason the prosecutor-defendants did not investigate the and file the criminal charges as Plaintiff requested was because of Plaintiff's inmate status, which

reason violates Plaintiff's rights to due process and equal protection, as well as to be free of cruel and unusual punishment. These arguments are frivolous, in that the Federal Constitution plainly does not entitle one private individual--regardless of status--to have a criminal investigation and charges brought against another private individual; therefore, regardless of Plaintiff's status, Plaintiff's due-process, equal-protection, and cruel-and-unusual-punishment rights cannot possibly be violated by Defendants failure to criminally investigate and charge the private individual Plaintiff asserts committed crimes against Plaintiff.

## ORDER

None of Plaintiff's arguments change the Court's conclusions in its Order to Show Cause that all Defendants must be dismissed.

**IT IS THEREFORE ORDERED** that--for failure to state a claim upon which relief may be granted--this action is **DISMISSED** with prejudice. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2023).

DATED this 20th day of July, 2023.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court